IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CODY MAYNARD,** | Civ. No. 3:20-cv-00691-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **LT. CISNEROS; CORRECTION OFFICER R. MARTIN;** and **MRS. CHAPMAN,** | |
| Defendants. | |

AIKEN, District Judge:

Magistrate Judge Mustafa Kasubhai filed Findings and Recommendation ("F&R") on June 7, 2022, granting Defendants' Motion for Summary Judgment on all Plaintiff's claims. ECF No. 41. The matter came before me. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. No objections were filed. Having reviewed the file and the F&R, I found no clear error and therefore adopted Judge Kasubhai's F&R. *See* ECF No. 44. On July 14, 2022, the case was dismissed. ECF No. 45. On September 28, 2022, Plaintiff filed a Motion for Reconsideration of both Judge Kasubhai's F&R and the Court's Order Adopting the F&R. ECF No. 44. The Court granted Plaintiff leave to

Page 1 – OPINION AND ORDER

file supplemental briefing. ECF Nos. 52, 55. Now before the Court is Plaintiff's Motion for Reconsideration. For the reasons explained, Plaintiff's Motion for Reconsideration, ECF No. 46, is DENIED.

## BACKGROUND

As noted, the Court entered its F&R, ruling that summary judgment be entered in Defendants' favor because Plaintiff failed to exhaust administrative remedies. ECF No. 41. The Court noted Plaintiff's assertion that he "submitted either a Form BP-8 or Form BP-9 shortly before he was transferred from FCI Sheridan in October 2019." *Id*. at 4-5 (citing Pl.'s Resp. at 1; Am. Compl. at 2).

Any request filed in October 2019 would have been untimely, however, because the Form BP-8 or BP-9 needed to be lodged within 20 days of the June 2019 incident. ECF 41 at 5. Accordingly, Judge Kasubhai recommended entry of summary judgment in Defendants' favor because Plaintiff failed to show that he "took reasonable and appropriate steps to exhaust the BOP Administrative Remedy Program." *Id*. The parties were advised that each had fourteen days to object to the F&R, and that failure to object may waive the right to appeal. *Id*. at 5-6. No party objected to the F&R. On July 14, 2022, the Court adopted the F&R, ECF No. 44, and entered judgment in Defendants' favor. ECF No. 45.

In Plaintiff's motion to reconsider, he asserts that exhaustion was futile because he was "transferred from FCI Sheridan on or around October 22 [2019] to USP Florence which is a completely different jurisdiction." ECF No 46. at 1.

Page 2 – OPINION AND ORDER

## DISCUSSION

A district court may reconsider a grant of summary judgment under either Federal Rule of Civil Procedure ("Rule") 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from a judgment). *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Rule 59(e), reconsideration may be appropriate where the movant demonstrates the existence of: (1) an intervening change in the controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice. *See id.* A motion to alter or amend judgment must be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). "A motion for reconsideration under Rule 59(e) . . . is an extraordinary remedy, to be used sparing[ly] in the interests of finality and conservation of judicial resources." *Misuraca v. Wash. Cty. Detention Center/Jail*, No. 3:20-cv-01597-IM, 2021 WL 5133682, at *2 (D. Or. Nov. 3, 2021) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or there is an intervening change in the controlling law." *Id.* (citations and internal quotation marks omitted). Relief can be available under Rule 60(b) "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J*, 5 F.3d at 1263 (citation and internal quotation marks omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first

time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890.

Here, Plaintiff's motion is untimely nder Rule 59(e), as it was filed more than 28 days after the entry of judgment. *See* Fed. R. Civ. P. 59(e). Judgment was entered on July 14, 2022. ECF No. 45. Plaintiff filed the motion to reconsider 76 days later on September 28, 2022. Even if the motion had been timely, Plaintiff fails to establish a change in controlling law, newly discovered evidence not previously available, or clear error. The Court already considered Plaintiff's argument that transfer from FCI Sheridan somehow rendered administrative remedies unavailable. *See* ECF No 41 at 4-5.

Plaintiff also does not establish a right to relief under Rule 60(b). The Court has reviewed Plaintiff's responsive and supplemental briefing and finds that Plaintiff presents no extraordinary circumstances to justify relief, and Plaintiff provides no explanation for why he did not appeal the judgment in the normal course. *See, e.g., Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (concluding there were no grounds for relief under Rule 60(b) where plaintiff "presented no reason for his failure to challenge the original judgment in the ordinary manner").

IT IS SO ORDERED.

Dated this  21st  day of August 2023.

/s/Ann Aiken

Ann Aiken
United States District Judge

Page 4 – OPINION AND ORDER