IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CODY MAYNARD<br>　　　　　Plaintiff, | Case No. 3:20-cv-00691-MK<br><br>**OPINION AND ORDER** |
| 　　　　v. | |
| CISNEROS, et al.<br><br>　　　　　Defendants. | |

AIKEN, District Judge

　　　　Before the Court are several motions requesting that the Court reopen the case and make decisions about the merits of Plaintiff's claims. ECF Nos. 59, 61, 63, 64, 65, and 67. Two years ago, Magistrate Judge Mustafa Kasubhai filed Findings and Recommendation ("F&R") on June 7, 2022, granting Defendants' Motion for Summary Judgment on all Plaintiff's claims. ECF No. 41. The Court found no clear error and therefore adopted Judge Kasubhai's F&R. *See* ECF No. 44. On July 14, 2022, the case was dismissed. ECF No. 45.

　　　　On September 28, 2022, Plaintiff filed a Motion for Reconsideration of both Judge Kasubhai's F&R and the Court's Order Adopting the F&R. ECF No. 46. The Court granted Plaintiff leave to file supplemental briefing. ECF Nos. 52, 55, and later, denied the motion for reconsideration. *See* ECF No. 58 (Order denying Motion for Reconsideration, ECF No 46).

Plaintiff's requests to reopen the case is best construed as a Motion for Relief From Judgment under Rule 60(b). Plaintiff cites to Rule 60(b). See ECF No. 69 at 2. Relief can be available under Rule 60(b) "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation and internal quotation marks omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff's motions to reconsider, ECF Nos. 59, 61, and 65 are denied. Plaintiff raises arguments and states facts that the Court has fully considered and adjudicated concerning being placed in a closed area with inmates who assaulted him on the basis of his former transgender status. Plaintiff cites to other cases of negligence and assault based on sexual orientation, but that information is not new evidence about Plaintiff's case, and it also does not set forth any intervening change in the law binding on the Court, or any law about which which the Court was not already apprised.

Plaintiff also moves to subpoena Defendants' attorney, ECF No. 63; for a telephonic hearing about his motions and for a settlement conference, ECF No. 64; and for a status update in his case, ECF No. 67. Finding no basis to set aside the judgment and reopen the case, the Court finds those the motion for a subpoena and settlement conference moot, and those motions. ECF No. 63 and 64 are denied. The Court denies Plaintiff's motion for an update about his case, as this Order shall serve as an update that the Judgement will not be set aside. Plaintiff must follow

through with the administrative remedies available to him and go through the proper channels to obtain relief provided under the law.

## CONCLUSION

For the reasons explained, Plaintiff's Motions, ECF Nos. 59, 61, 63, 64, 65, and 67 are DENIED.

It is so ORDERED and DATED this ___25th___ day of October 2024.

                                            /s/Ann Aiken
                                            Ann Aiken
                                            U.S. District Judge